UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

MARIO H. CAPOGROSSO,

                Plaintiff,

v.

ALAN GELBSTEIN, in his official and individual capacity, BOSHRA VAHDATLAMAS, in her official and individual capacity, a/k/a Bushra Vahdat, IDA TRASCHEN, in her official and individual capacity, ELIZABETH PRICKETT-MORGAN, in her official and individual capacity, JEAN FLANAGAN, in her official and individual capacity, VINCENT PALMIERI, in his official and individual capacity, DANIELLE CALVO, in her official and individual capacity, SADIQ TAHRIR, in his individual capacity, PEC GROUP OF NY, INC., DAVID SMART, and JOHN and JANE DOE,

                Defendants.

**ORDER**
18-CV-2710 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Mario H. Capogrosso, proceeding *pro se*, commenced the above-captioned action on May 8, 2018, against Defendants Alan Gelbstein, Boshra Vahdatlamas, Ida Traschen, Elizabeth Prickett-Morgan, Jean Flanagan, Vincent Palmieri, Danielle Calvo, Sadiq Tahrir, PEC Group of NY, Inc., David Smart, and John and Jane Doe. (Compl., Docket Entry No. 1.) Plaintiff alleges that Defendants, *inter alia*, violated his constitutional rights when they banned him from representing clients in New York State traffic court proceedings. (*Id.* ¶¶ 70–88.)

      On February 8, 2019, Smart moved to dismiss the Complaint against him. (Def. Mot. to Dismiss ("Def. Mot."), Docket Entry No. 57.) In support of his motion, Smart attaches several documents seeking to show that he is a victim of Plaintiff's actions. (Incident Form, annexed to

Def. Mot., Docket Entry No. 57-1.) Because Smart has not stated a proper basis to dismiss the Complaint against him, the Court denies without prejudice his motion to dismiss.

The Court also denies without prejudice Smart's April 24, 2019 application for appointment of *pro bono* counsel. (Mot. to Appoint Counsel, Docket Entry No. 66.) As stated in the Court's prior Order denying a similar application from Smart, there is no right to counsel in a civil case. (Order dated Aug. 2, 2018, Docket Entry No. 30 (citing *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013).) The Court cannot compel an attorney to represent a litigant in a civil case without a fee. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 301–02 (1989). The Court may only request that an attorney volunteer to do so, and looks to a number of factors to determine whether it is appropriate to request a volunteer attorney for a particular case. The first consideration — and threshold requirement — is whether the movant's position is "likely to be of substance." *Ferelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 204 (2d Cir. 2003).

At this stage of the litigation, Smart has not established the threshold requirement that his position is "likely to be of substance." *Id.* Accordingly, the Court denies without prejudice Smart's request for *pro bono* counsel.

Dated: September 27, 2019
      Brooklyn, New York

                                    SO ORDERED:

                                          s/ MKB
                                    MARGO K. BRODIE
                                    United States District Judge