CLERK OF U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300



neopost
11/15/2019
US POSTAGE $000.50⁰

FIRST-CLASS MAIL

ZIP 14201
041M11271726

FILED
CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
NOV 22 2019
BROOKLYN OFFICE

Sadiq Tahir
2875 W. 8th Street
Brooklyn, NY 112224

NIXIE         108  DE 1         0011/19/19
              RETURN TO SENDER
              NO SUCH STREET
              UNABLE TO FORWARD

BC: 11201183299       *1145-02196-16-02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIO H. CAPOGROSSO,

                Plaintiff,

    -against-

ALAN GELBSTEIN, *in his official and
individual capacity*, IDA TRASCHEN,
*in her official and individual capacity*,
DANIELLE CALVO, *in her official and
individual capacity*, SADIQ TAHIR,
*in his individual capacity*, PEC GROUP
OF NY, INC., and DAVID SMART,

                Defendants.
------------------------------------------------------------------X

**ORDER
18 CV 2710 (MKB)(LB)**

**BLOOM, United States Magistrate Judge:**

        The Court held the initial conference in plaintiff's civil rights case on November 14, 2019.[1] After discussing it on the record, plaintiff voluntarily withdrew his amended complaint.[2] ECF No. 74. Accordingly, the Clerk of Court shall terminate the state defendants' motion to dismiss. ECF No. 77. The state defendants' motion to stay discovery is denied. ECF No. 78. This case shall proceed on the original complaint, ECF No. 1, against defendants Gelbstein, Calvo, Traschen, Smart, Tahir, and PEC Group of NY as set forth in Judge Brodie's September 25, 2019 Memorandum & Order, ECF No. 71.

        The Court set the following deadlines: the state defendants shall answer plaintiff's complaint, ECF No. 1, and plaintiff and the state defendants shall exchange initial disclosures by **December 4, 2019**.[3]

        The parties shall complete all discovery by **May 15, 2020**. Discovery is the process by which the parties request information from each other regarding their claims or defenses.[4]

---

[1] Defendants Tahir and PEC Group of NY did not appear at the conference. The Court's Order scheduling the conference that was sent to Tahir was returned as undeliverable. ECF No. 80. As Tahir did not have notice of today's conference, the Court excused his appearance on the record.
[2] A transcript of the November 14, 2019 conference has been ordered and shall be made part of the record. The Clerk of Court is directed to amend the caption as set forth above.
[3] Defendants Smart and Tahir have answered plaintiff's complaint. ECF Nos. 6–7.
[4] The Clerk of Court is directed to mail defendant Smart a copy of the *pro se* manual.

Discovery is governed by Federal Rules of Civil Procedure ("FRCP") 26 through 37 and is conducted between the parties without the Court's involvement. Each party bears its own costs of conducting discovery. Pursuant to FRCP 33 and 34, the parties may request, in writing, answers to questions and documents from the other parties or their attorneys if they are represented. The more specific the request, the more likely the information will be produced. Generally, parties must respond to discovery requests in writing within thirty days. Because May 15, 2020 is the deadline for the completion of all discovery, requests to the opposing party must be served at least thirty days before that deadline. The parties should always keep a copy of all requests and responses they send; the parties should never send an original document. FRCP 5(d) prohibits litigants from filing discovery materials in the Court.

The parties may conduct depositions upon oral examination pursuant to FRCP 30. An oral deposition is a seven-hour question-and-answer session in which the person being deposed testifies under oath or affirmation. The deposition in its entirety, both the questions and answers, are transcribed by the court reporter and may be used in the litigation. If a party receives written notice to appear for a deposition but is unable to appear at the date and time stated in the notice, that party shall promptly contact the opposing party to request that the deposition be rescheduled for another date. Any request to schedule depositions at the Courthouse shall be made to my Chambers at (718) 613-2170. Once a date is confirmed, the notice of deposition shall be served in accordance with FRCP 30(b).

Before requesting the Court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another. FRCP 26(c); Local Civil Rule 37.3. Under the FRCP, any submission to the Court must first be served on the adversary or the Court cannot consider it. FRCP 5.

Upon completion of discovery, any party seeking to file a dispositive motion shall file a pre-motion conference request by **June 5, 2020** in accordance with Judge Brodie's Individual Motion Practices and Rules.

SO ORDERED.

/S/ Judge Lois Bloom

LOIS BLOOM
United States Magistrate Judge

Dated: November 14, 2019
      Brooklyn, New York