UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
MARIO H. CAPOGROSSO,

                     Plaintiff,                  **ORDER**
                                                              18-CV-2710 (MKB) (LB)

              v.

ALAN GELBSTEIN, IDA TRASCHEN,
DANIELLE CALVO, SADIQ TAHRIR, PEC
GROUP OF NY, INC., DAVID SMART and
MARK J.F. SCHROEDER,

                     Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       On December 2, 2019, Plaintiff Mario H. Capogrosso, proceeding *pro se*, filed a motion seeking a court order directing the New York Department of Motor Vehicles (the "DMV") to allow Plaintiff access to the Brooklyn Traffic Violations Bureau (the "TVB") to conduct discovery. (Pl. Mot. Seeking Entrance to DMV TVB ("Pl. Mot.") 2, Docket Entry No. 91.) Defendants Danielle Calvo, Alan Gelbstein, Ida Traschen, and Mark J.F. Schroeder opposed the motion. (Defs. Opp'n to Pl. Mot., Docket Entry No. 93; Defs. Suppl. Opp'n to Pl. Mot., Docket Entry No. 101.) On January 10, 2020, Magistrate Judge Lois Bloom held a conference with the parties and denied Plaintiff's request to enter the TVB and conduct discovery ("Judge Bloom's Order"). (Order dated Jan. 10, 2020 ("Jan. 2020 Order"), Docket Entry No. 104; Tr. of Jan. 10, 2020 Conference ("Tr."), Docket Entry No. 105.) Judge Bloom ordered Plaintiff to "comply with Rules 26–37 of the Federal Rules of Civil Procedure," as well as previous court orders regarding discovery in this case. (Jan. 2020 Order.)

On January 15, 2020, Plaintiff filed a letter objecting to Judge Bloom's Order directing him "not to attempt to enter the [TVB] . . . to gather witness statements, witness names, and witness telephone numbers as well as gather evidence by way of photographs." (Pl. Obj. to Jan. 2020 Order ("Pl. Obj."), Docket Entry No. 106.) The Court construes Plaintiff's letter as an objection to Judge Bloom's Order pursuant to Rule 72 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court declines to set aside or modify Judge Bloom's Order.

Under the Federal Magistrates Act, 28 U.S.C. § 636, and Rule 72 of the Federal Rules of Civil Procedure, "[a] magistrate judge is authorized 'to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a determination that such findings were clearly erroneous or contrary to law.'" *Ebo v. N.Y. Methodist Hosp.*, No. 12-CV-4432, 2015 WL 4078550, at *4 (E.D.N.Y. July 6, 2015) (quoting *McNamee v. Clemens*, No. 09-CV-1647, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014)); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." *In re Gordon*, 780 F.3d 156, 158 (2d Cir. 2015) (internal quotations omitted) (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)); *Ebo*, 2015 WL 4078550, at *4. An order is only contrary to law if it misapplies existing law and the district judge is convinced that a mistake has been made. *In re Gordon*, 780 F.3d at 158.

Under this highly deferential standard, magistrate judges are "afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused." *McNamee*, 2014 WL 1338720, at *2 (first citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 524 (2d Cir. 1990); and then citing *United States v. Dist. Council*, 782 F. Supp. 920, 922 (S.D.N.Y. 1992)). Therefore, "a party seeking to overturn a discovery order [by a magistrate

2

judge] bears a heavy burden." *Bachayeva v. Americare Certified Special Servs.*, No. 12-CV-1466, 2013 WL 4495672, at *1 (E.D.N.Y. Aug. 20, 2013) (quoting *Garcia v. Benjamin Grp. Enter. Inc.*, 800 F. Supp. 2d 399, 403 (E.D.N.Y 2011)). "[T]he magistrate judge's findings should not be rejected merely because the court would have decided the matter differently." *Pall Corp. v. Entegris, Inc.*, 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008) (quoting *Rubin v. Valicenti Advisory Servs., Inc.*, 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007)).

The Court has reviewed Judge Bloom's Order, denying Plaintiff's request for a court order giving him access to the TVB and directing Plaintiff to comply with the Federal Rules of Civil Procedure regarding discovery, and finds that it was not "clearly erroneous or contrary to law." *Ebo*, 2015 WL 4078550, at *4 (quoting *McNamee*, 2014 WL 1338720, at *2). Accordingly, the Court declines to modify or set aside Judge Bloom's Order.

Dated: February 3, 2020
      Brooklyn, New York

                              SO ORDERED:

                                 s/ MKB
                            MARGO K. BRODIE
                            United States District Judge