UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIO H. CAPOGROSSO,

                Plaintiff,                              **ORDER**
                                                    **18 CV 2710 (EK)(LB)**

  -against-

ALAN GELBSTEIN, *in his individual capacity*, IDA
TRASCHEN, *in her individual capacity*, DANIELLE
CALVO*, in her individual capacity*, SADIQ TAHIR,
*in his individual capacity*, PEC GROUP
OF NY, INC., DAVID SMART, and DMV
COMMISSIONER MARK SCHROEDER,
*in his official capacity*,

                Defendants.
-----------------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        On December 10, 2020, plaintiff requested a Court Order that defendant Commissioner Schroeder be produced for a deposition.[1] ECF No. 147. Defendants request a protective order, pursuant to Federal Rule of Civil Procedure 26(c), prohibiting plaintiff's deposition of Commissioner Schroeder. ECF No. 146. For the reasons set forth below, defendants' motion for a protective order is granted.

        "[T]o depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition." Lederman v. N.Y. City Dep't of Parks & Rec., 731 F.3d 199, 203 (2d Cir. 2013). "The Second Circuit has found that exceptional circumstances exist if 'the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means.'"

---

[1] The Court notes that although plaintiff proceeds *pro se*, he is an attorney.

Boggs v. Town of Riverhead, No. 17 Civ. 5411, 2020 WL 1929076, at *3 (E.D.N.Y. Apr. 20, 2020) (quoting Lederman, 731 F.3d at 203).

"The Supreme Court has stated that 'official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent.' In an official capacity suit, 'the real party in interest . . . is the governmental entity and not the named official.'" Tanvir v. Tanzin, 894 F.3d 449, 458-59 (2d Cir. 2018) (quoting Hafer v. Melo, 502 U.S. 21, 25 (1991)).

Here, Commissioner Schroeder was only added to the case as a Rule 25(d) substitute for plaintiff's official-capacity claims against Defendants Gelbstein, Traschen, and Calvo, each of whom has left his or her former positions at the DMV since this lawsuit was filed and accordingly, no longer have any "official capacity" in which to be sued. Additionally, the Court finds that Commissioner Schroeder cannot have "unique first-hand knowledge" as he was appointed to his position in January of 2019, approximately four years after the events that give rise to plaintiff's case. Accordingly, as Commissioner Schroeder is a high-ranking state official who is only a party to this lawsuit in his official capacity, defendants' request for a protective order is granted.

In his December 10, 2020 letter to the Court, plaintiff also requests that defendant Smart be ordered to respond to his interrogatories dated August 25, 2020 and that defendant Smart provide plaintiff with an email address or phone number to conduct his deposition remotely. Defendant Smart is proceeding in this matter *pro se*. Defendant Smart was employed by a private security company which supplied guards at the Department of Motor Vehicles. Plaintiff and defendant Smart got into a physical confrontation which led to plaintiff being removed from the DMV. Although plaintiff states that he served interrogatories on defendant Smart, he has not

provided them to the Court. Therefore, the Court cannot rule on plaintiff's request to compel defendant Smart to respond. Whereas plaintiff is permitted to pursue discovery, the Court will not compel defendant Smart to provide his email address or phone number to plaintiff. Plaintiff may provide the interrogatories that are outstanding to the Court for the Court to consider them. This will be the one exception to the parties' deadline to complete all discovery by December 22, 2020. Defendants' counsel shall communicate this order to plaintiff by all available means.

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: December 16, 2020
      Brooklyn, New York