IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————————————————x

Mario H. Capogrosso,

       Plaintiff-Appellant,

  v.                                      Docket No: 22-2827

Alan Gelbstein, et al.,

       Defendants-Appellees.

———————————————————x

## ADDENDUM B

1. The issues the Appellant intends to raise on appeal are:

   - The Appellant was not permitted to question witnesses which the Appellant argues is a violation of procedural due process

   - The Appellant was not permitted to depose Defendant David Smart and Defendant Mark Schroeder which the Appellant argues is a violation of procedural due process

   - The Appellant argues that sufficient evidence was presented to overcome summary judgment with regards to genuine dispute of material facts and

   - The granting of summary judgment on the basis of judicial immunity and quasi-judicial immunity and that the private security guard was not a state actor are errors of law that the Appellant intends to challenge in this appeal as well.

   - The assigning of an attorney to defendant David Smart for the sole purpose of obtaining summary judgment was an improper application of judicial discretion.

1

2. The applicable appellate standard of review for each proposed issue is:

- The Appellate Court reviews *de novo* a district court's grant of summary judgment, "construing all the evidence in the light most favorable to the non-movant and drawing all reasonable inferences in that party's favor." *McBride v. BIC Consumer Prod. Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009).

- The Appellate Court reviews a district court's abuse of discretion where (1) the tribunal's decision is clearly unreasonable, arbitrary, or fanciful; (2) the decision was based on an erroneous conclusion of law; (3) the tribunal's findings are clearly erroneous; or (4) the record contains no evidence upon which the tribunal rationally could have based its decision. *Abrutyn v. Giovanniello*, 15 F.3d 1048, 1050-51, 29 U.S.P.Q.2d 1615, 1617 (Fed. Cir. 1994); *W. Elec. Co. v. Piezo Tech., Inc.*, 860 F.2d 428, 430-31, 8 U.S.P.Q.2d 1853, 1855 (Fed. Cir. 1988); *Heat & Control, Inc. v. Hester Indus., Inc.*, 785 F.2d 1017, 1022, 228 U.S.P.Q. 926, 930 (Fed. Cir.1986). The Supreme Court, in *Citizens to Preserve Overton Park, Inc.* v. Volpe, stated that an abuse of discretion occurs when a court's decision represents a "clear error of judgment. " 401 U.S. 402, 416 (1971); *see also Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1569,

- The Appellate Court reviews a district courts failure to make factual findings. The Supreme Court indicated in *Pullman-Standard v. Swint,87* that if the district court has completely failed to make Rule 52 factual findings on decisive issues, then:
[T]he usual rule is that there should be a remand for further proceedings to permit the trial court to make the missing findings. . . . Likewise, where findings are infirm because of an erroneous view of the law, a remand is the proper course unless the record permits only one resolution of the factual issue. *Pullman-Standard v. Swint*, 456 U.S. 273 at 292,

*(1982)*. Further a district court's failure to comply with Rule 52 (a) and express findings of fact, even when issuing a preliminary injunction, requires the Federal Circuit to vacate the consequent decision or order. *Digital Equip. Corp. v. Emulex Corp.*, 805 F.2d 380, 383, 231 U.S.P.Q2d 779,18182 (Fed. Cir. 1986).

DATED: December 6, 2022

Pro Se Plaintiff-Appellant,

*/s/ M. H. C.*

Mario H. Capogrosso, Esq.